## STATE *versus* THE INHABITANTS OF CALAIS.

The conditional acceptance, by a town, of a road laid out by the selectmen, is void.

And the road cannot be established *by user*, so that the town would be bound to keep it in repair in the summer, where, by the erection of a dam below, it was overflowed, so that it was only traveled in the winter, upon the ice.

ON REPORT. INDICTMENT for a defective highway.

The evidence tended to show, that the highway described in the indictment consisted of two ways laid out at different times, one called the Nevins road, and the other the road between the Nevins road and the outlet of Eastern lake.

The facts established by the evidence, so far as the questions of law raised in the case are affected, are stated in the opinion.

After the evidence was out, it was agreed to enter a verdict of guilty, *pro forma,* and that the whole evidence should be reported, and submitted to the full Court to determine whether any part of the road described in the indictment was legally established; and if any part, whether such part was defective, and to render such judgment as the facts of the case and the law require, either by a *nol. pros.* or by affirming the verdict.

*E. B. Harvey,* for defendants.

*J. Granger,* for the State.

The opinion of the Court was drawn up by

APPLETON, J.—The defendants have been found guilty of not keeping two of their roads in sufficient repair, and the questions are presented whether the verdict rendered against them shall be set aside in whole or in part or judgment shall be rendered thereon.

It is conceded that the Nevins road was duly laid out, and is one which the defendants are bound to keep in repair. The evidence in relation to its condition is somewhat conflicting, but no sufficient reasons are perceived for setting the verdict aside.

It was decided in *Christ's Church* v. *Woodward,* 26 Maine, 172, that the conditional acceptance of a town or private way is void. In that case, the vote of the town was to accept the street in controversy, " provided the damages shall not exceed thirty-five dollars."

It is denied that there is a legal road from the Nevins road, so called, to the mill at the outlet of Eastern lake. The road in question was duly laid out by the selectmen, and, at a regular town meeting on April 3, 1827, the town voted " to accept the road laid out by the selectmen, from the termination of the road laid out for Jonathan Nevins and others to the mill at the outlet of the Eastern lake, *on condition that there be no more taxes worked out on said road than the taxes raised on the mill property and inhabitants that live on said road.*" The acceptance being conditional cannot avail the State.

The road thus located continued till 1835, when it was overflowed by a dam erected at the outlet of Eastern lake and continued till 1854. The way thus covered by water was only traveled in the winter upon the ice. Such travel on the ice cannot establish, by user, a road, for non-repair of which in summer, a town can be indicted.

The verdict is to be set aside, unless the attorney for the State will enter a *nol. pros.* as to that portion of the road in-

dicted, which lies between the Nevins road and the outlet of Eastern lake.

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.